NOT FOR PUBLICATION                                          [Dkt. No. 8, 27]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| GERMAINE HANDY,<br><br>    Plaintiff,<br><br>v.<br><br>MILLVILLE POLICE DEPT., et al.,<br><br>    Defendants. | Civil No. 1:13-cv-01584 (RMB/JS)<br><br>**OPINION** |

Appearances

Ronald P. Sierzega
Puff & Cockerill, LLC
122 Delaware Street
P.O. Box 684
Woodbury, NJ 08096
    Attorneys for Plaintiff

A. Michael Barker
Barker, Scott & Gelfand
210 New Road
Suite 12
Linwood, NJ 08221
    Attorneys for Defendants

**Bumb**, UNITED STATES DISTRICT JUDGE:

    Defendants Millville Police Department, Thomas Haas, City Of Milville, Carlo Drogo, Patricia Ruth, and Anthony Cills (the "Defendants") have moved to dismiss Plaintiff Germaine Handy's (the "Plaintiff") First Amended Complaint[1] (the "First Amended Complaint" or "Compl."). Plaintiff opposes Defendants' motion

---

[1]    [Docket No. 11].

and has also moved for leave to file a Second Amended Complaint (the "Second Amended Complaint"). For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED, and Plaintiff's Motion for Leave to Amend is DENIED.

I.   BACKGROUND

   A.   Factual

On the evening of September 13, 2005, Plaintiff was stopped by Defendant Special Officer Anthony Cills ("Cills") for allegedly riding his bicycle on the sidewalk, in violation of city ordinance. (Compl. ¶ 10). Officer Cills requested backup and Defendant Police Officer Carlo Drogo ("Drogo") joined the scene and proceeded to interrogate Plaintiff, who did not have identification on his person. (Id. ¶¶ 11-12). Plaintiff provided Drogo with his full name, address, and date of birth. (Id. ¶ 14). Drogo contacted Defendant Dispatcher Patricia Ruth ("Ruth") to check for outstanding warrants. (Id. ¶ 15). According to the Complaint, Ruth did not find any outstanding warrants for Plaintiff – only for a man with a different birthday and a differently spelled first name - but Drogo nonetheless arrested Plaintiff. (Id. ¶¶ 17, 18). During a search incident to Plaintiff's arrest, police discovered a small quantity of narcotics. (Id. ¶ 19).

Upon returning to the station, it was confirmed that the warrant Ruth found did not pertain to Plaintiff. (Id. ¶ 20). On

2

December 14, 2005, Plaintiff was charged with a drug offense. (Id. ¶ 21; Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss at 6)  Plaintiff pled guilty after the trial court declined to suppress the drug evidence. (Id. ¶ 22). On appeal, the New Jersey Appellate Division found that the evidence was illegally obtained and inadmissible in court. (Id. ¶¶ 23-25.) That ruling was affirmed by the New Jersey Supreme Court on April 26, 2011. (Id. ¶ 26).  Plaintiff was incarcerated for nine months on the drug charge. (Id. ¶ 28).

    B.    Procedural

On February 1, 2013, Plaintiff filed an action in New Jersey Superior Court alleging constitutional violations based on his arrest.  [Docket No. 1].  On March 14, 2013, Defendants removed the action to this Court.  [Docket No. 1].  On April 22, 2013, Defendants moved to dismiss the action.  [Docket No. 8]. On April 26, 2013, Plaintiff filed the First Amended Complaint. [Docket No. 11].  In the First Amended Complaint, Plaintiff alleged six counts – all based on the allegedly unlawful search, false arrest, and false imprisonment of Plaintiff.  (Compl. ¶¶ 32-57).

On June 26, 2013, Plaintiff moved to amend the Complaint and file the Second Amended Complaint.  The Second Amended Complaint has stylistic changes, but substantively only differs in that it adds two counts: (1) Count VII – malicious

3

prosecution in violation of 42 U.S.C. § 1983; and (2) Count VIII – state and common law malicious prosecution.

## II. Analysis

This Court first addresses Defendants' motion to dismiss. It then addresses Plaintiff's motion for leave to amend.

### A. Defendant's Motion to Dismiss Current Claims

#### 1. Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 663, 678 (2009))(internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678). The Court conducts a three-part analysis when reviewing a claim:

> First, the court must tak[e] note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

4

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotations omitted); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) ("...[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.").

### 2. Application

Defendants argue that the First Amended Complaint must be dismissed because all its claims are time-barred.  The parties agree that the statute of limitations for all claims at issue in the First Amended Complaint is two years. They disagree as to when the statute of limitations began to run.

As indicated above, the claims in the First Amended Complaint are all predicated on the alleged unlawful search, false arrest, and false imprisonment of Plaintiff.  With respect to Plaintiff's unlawful search claim, that claim accrued when the allegedly unlawful search occurred, on September 13, 2005. MacNamara v. Hess, 67 F. App'x 139, 143 (3d Cir. 2003).  With respect to Plaintiff's false arrest and false imprisonment claims, those torts cease, and the statute of limitations begins to run, once the victim is held pursuant to legal process, such as being arraigned on charges, or indicted. Wallace v. Kato, 549 U.S. 384, 390-91 (2007)(holding the above with respect to

5

arraignment or other legal process).[2]  Therefore, here, Plaintiff's claims relating to his alleged false arrest and false imprisonment began to run no later than 2005, when he was indicted. Id.

Because Plaintiff's original Complaint was not filed until April 26, 2013, far outside the two year statute of limitations for claims that began to run in 2005, Plaintiff's claims are time-barred and must be dismissed.  Accordingly, Defendants' motion to dismiss is GRANTED.

    B.    Plaintiff's Motion for Leave to Amend

---

[2] See Humphreys v. City of Ganado, Tex., 467 F. App'x 252, 255-56 (5th Cir. 2012)("Additionally, the statute of limitations on Humphreys's claim for false arrest began running, at the latest, when he was indicted in July 2005."); Braunstein v. U.S. Postal Serv., No. 05-16390, 2007 WL 1112620, at *1 (9th Cir. Apr. 12, 2007)("With regard to false arrest, the Supreme Court recently held that such claims require detention without legal process and accrue once legal process is initiated. . . . Braunstein was arrested only after indictment and was never detained without process. Therefore, he has no false arrest claim under either the FTCA or Bivens.")(quotations omitted); Bianchi v. McQueen, No. 12-364, 2013 WL 140915, at *9 (N.D. Ill. Jan. 11, 2013)(finding that grand jury indictment constituted legal process); Bertuglia v. City of New York, 839 F. Supp. 2d 703, 734 (S.D.N.Y. 2012)(same); Blow v. Paterson Police Dept., No. 11-2128, 2012 WL 368206, at *5 (D.N.J. Feb. 3, 2012)(finding false arrest and imprisonment claims time-barred where filed more than two years after the indictment); Haggins v. Schroyer, No. CV411-209, 2011 WL 5358665, at *3 (S.D. Ga. Nov. 7, 2011)("Here Haggins alleges false arrest but has since undergone a preliminary hearing and has been indicted, so his false arrest claim at the latest ends with his indictment (i.e., when he came to be held pursuant to 'legal process')—which is also when his malicious prosecution claim begins."); Garcia v. City of New York, No. 06-746, 2009 WL 2973002, at *3 (S.D.N.Y. Sep. 17, 2009)("Here, legal process was initiated against the Plaintiff when the Grand Jury issued the Indictment on October 4, 2002. Plaintiff's damages period for a claim premised upon detention without due process therefore ended on that date. As this accrual date occurred more than three years before the date Plaintiff initiated this action, Plaintiff's false arrest claim is untimely."); Vaughn v. Waters, No. 09-3109, 2009 WL 26002205, at *7 (D.N.J. Aug. 24, 2009)("Thus, it is clear that Vaughn was held pursuant to legal process, and his false imprisonment from the alleged false arrest ended when he was indicted on May 31, 2006.").

1.  <u>Standard</u>

The Federal Rules of Civil Procedure instruct this court to freely give leave when justice so requires. Fed. R. Civ. Pro. 15(a)(2). However, leave to amend should <u>not</u> be granted when it would be futile. <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1996)(internal citations omitted). The standard of review for "futility" is the same standard of legal sufficiency as applies under Fed. R. Civ. Pro. 12(b)(6). <u>Kenny v. United States</u>, 489 F. App'x 628, 633 (3d Cir. 2012)(citing <u>Travelers Indem. Co. v. Dammann & Co.</u>, 594 F.3d 238, 243 (3d Cir. 2010)).

2.  <u>Application</u>

As indicated above, the only new causes of action Plaintiff alleges are based on malicious prosecution under federal and state law. Because this Court found that all of Plaintiff's other claims are time-barred, leave to amend would be futile if Plaintiff's malicious prosecution claims fail. They do.

Under both federal and state law, malicious prosecution requires, among other things: (1) a lack of probable cause for the initiation of criminal proceedings; and (2) a termination of criminal proceedings in favor of the plaintiff. <u>Rivera v. Fusiak</u>, No. 12-7623, 2013 WL 1792513, at *6 (D.N.J. Apr. 26, 2013). With respect to the termination prong, while a plaintiff need not prove his outright innocence to establish this prong,

7

the disposal of the prior criminal case must at least be indicative of the innocence of the accused. Morris v. Verniero, 453 F. App'x 243, 245 (3d Cir. 2011); Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009).  Applying that principle, because a reversal of a conviction based on the suppression of evidence does not suggest innocence of the underlying crime, it does not constitute a favorable termination.  Freeman v. State, 788 A.2d 867, 877-78 (N.J. Super. Ct. App. Div. 2002)(finding a reversal of a conviction based on a failure to suppress evidence was not a favorable termination for malicious prosecution claim); see Woodyard v. Cty. Of Essex, No. 12-2945, 2013 WL 791634, at *6 n.2 (3d Cir. 2013)(finding that it was not "likely" that plaintiff could satisfy "favorable termination element" where "the prosecution sought to dismiss the charges against Woodyard because it believed it could not meet its burden of proof after two witness identifications of Woodyard were suppressed by the trial court.").[3]

    Defendant argues that an amendment would be futile because the Plaintiff cannot show: (1) the criminal proceedings were

---

[3] See also Morris, 453 F. App'x at 246 (finding no favorable termination where prosecution was dropped based on anticipated success of motions to suppress); Miller v. Cuccia, 201 F.3d 431, 431 (2d Cir. 1999)(affirming dismissal of malicious prosecution claim where dismissal of criminal indictment was based on suppression of evidence); Johnson v. Arroyo, No. 09-1614, 2010 WL 1195330, at *3 (N.D. Ill. Mar. 22, 2010)("The court made no formal ruling on the suppression motion, but even if the motion had been granted and the drug evidence suppressed, such a suppression would not be indicative of innocence because the suppression would not be related to the evidence's trustworthiness.").

terminated in favor of the Plaintiff; or (2) there was a lack or probable cause for the proceedings. The Court agrees.  First, with respect to the termination prong, Plaintiff cannot demonstrate that the dismissal of the criminal charge against Plaintiff was indicative of his innocence.  It is <u>undisputed</u> that Plaintiff was guilty of the drug crime for which he was charged and the reversal of his conviction was solely based on the suppression of evidence.  Second, the criminal proceeding at issue was the drug offense, and there is no dispute that there was probable cause to believe that Plaintiff had committed that offense.

Because Plaintiff's malicious prosecution claims would fail, leave to amend would be futile.  Accordingly, Plaintiff's motion for leave to amend is DENIED.

III. <u>Conclusion</u>

For the reasons outlined above:

(1) Defendant's Motion to Dismiss is GRANTED; and

(2) Plaintiff's motion for leave to amend is DENIED.

Because this Court has concluded that leave to amend would be futile, this matter is dismissed with PREJUDICE.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Date: <u>July 16, 2013</u>

9